IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYL BUCKLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-15-65-R |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. **(ECF No. 23)**. Specifically, Plaintiff seeks an award of fees in the amount of $7,325.00 (ECF Nos. 23, 24, 27).[1] Defendant objects to any award of attorney's fees, arguing that her position was "substantially justified." (ECF No. 25). The Court should reject Defendant's argument and **GRANT** an award of fees to Plaintiff in the amount requested.

## I.    ATTORNEY FEES AUTHORIZED UNDER THE EAJA

The EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v.*

---

[1] In her original motion for fees, Plaintiff requested an award of fees in the amount of $7,050.00. (ECF No. 23). In her reply brief, however, Plaintiff requests an additional $275.00 for 1.5 hours of work for reading the Commissioner's objection and drafting and filing a reply brief. (ECF No. 27:3). The Court should conclude that this request is reasonable. *See Commissioner, INS v. Jean,* 496 U.S. 154, 162 (1990) (holding that an attorney may recover EAJA fees for time spent in fee litigation).

*Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988).

"The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988); *see* 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II. PLAINTIFF IS ENTITLED TO FEES UNDER THE EAJA

For two reasons, the undersigned recommended reversal of the Commissioner's decision denying Plaintiff's application for disability benefits: (1) a lack of substantial evidence to support the RFC due to the ALJ's selective review of the medical record and failure to consider significantly probative evidence and (2) error in the hypothetical question to the vocational expert (VE) which affected the step five findings. (ECF No. 19). The District Court adopted the recommendation and remanded the case for further administrative proceedings. (ECF Nos. 21 & 22). With the remand, Ms. Buckley is considered the "prevailing party" for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was

"substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

Defendant correctly states that when discussing the government's "position," for purposes of EAJA fees, the Court must examine both the ALJ's decision and the Commissioner position on appeal. (ECF No. 25:4). Regarding the former, Ms. Colvin argues that the ALJ's position was substantially justified merely because "reasonable people can disagree whether the Administrative Law Judge's (ALJ's) decision in this case was appropriate[.]" (ECF No 25:4).

Regarding the latter, the Court must examine the Commissioner's position as set forth in her response to Plaintiff's appeal. There, Ms. Colvin argued: (1) objective medical evidence existed which could have provided substantial evidence to support the ALJ's treatment of Ms. Buckley's migraine headaches and (2) no error existed at step five because the hypothetical to the VE properly encompassed the ALJ's residual functional capacity (RFC) determination that Plaintiff was limited to performing unskilled work. (ECF No. 18:4-13).[2]

Regarding the ALJ's consideration of evidence related to Ms. Buckley's migraine headaches, Ms. Colvin's position was "substantially justified" because a lack of substantial evidence at the administrative level does not necessarily equate with a lack of substantial justification for the government's position in defending an application for EAJA benefits. (ECF No. 23:3-4). See Hadden v. Bowen, 851 F.2d 1266, 1269 (10th Cir.

---

[2] The Commissioner also argued that no legal error existed in failing to include certain findings from a Psychiatric Review Technique form in the hypothetical question to the VE. (ECF No. 18:10). Ms. Colvin is correct on this point, as noted by the undersigned in the Report and Recommendation. See ECF No. 19:13-14.

1988) ("a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."). However, the ALJ's error in the hypothetical to the VE is a legal error which cannot be ignored.

In the administrative decision, the ALJ assessed Plaintiff with an RFC which included the ability to:

> understand, remember, and follow simple instructions to perform routine tasks and is able to sustain concentration necessary to perform unskilled work with the specific vocational profile level of two. The claimant is able to interact with coworkers and supervisors on a superficial work basis with routine supervision but cannot interact appropriately with the general public.

(TR. 20). At the administrative hearing, the ALJ presented a hypothetical question to the VE which inquired if any jobs existed for a person who could not relate to the general public, and who was limited to simple tasks with routine supervision. (TR. 60). The VE replied affirmatively and identified three jobs which the ALJ relied on to conclude that Ms. Buckley was not disabled. (TR. 26, 60-61). The issue on appeal was whether the hypothetical question to the VE had properly reflected an opinion by a non-examining state agency physician, Dr. Hartley, who had concluded that Plaintiff was "markedly" limited in her ability to understand, remember, and carry out detailed instructions. (TR. 477).

It is well-established that an ALJ's hypothetical question to a VE "must include all (and only) those impairments borne out by the evidentiary record." *Evans v. Chater*, 55 F. 3d 530, 532 (10th Cir. 1995). Hypothetical questions should be crafted carefully to reflect a claimant's RFC, because "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial

4

evidence to support the [Commissioner's] decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).

As noted in the Report and Recommendation, the ALJ violated this well-established legal principle by failing to include Dr. Hartley's findings of Plaintiff's "marked" limitations in the hypothetical to the VE, upon which the ALJ's step five findings were based. In making this determination, the undersigned relied on *Jaramillo v. Colvin*, 576 F. App'x. 870 (10th Cir. 2014), which had been cited by Ms. Buckley in support of her argument.

In *Jaramillo*, a psychiatrist opined that the plaintiff was moderately limited in his ability to "carry out instructions." *Id.* at 872. The ALJ afforded the psychiatrist's opinion "great weight." *Id.* at 873. In the RFC, the ALJ stated that the plaintiff was limited to performing simple, routine, repetitive, and unskilled tasks. *Id.* at 872. The ALJ then proffered these RFC limitations in a hypothetical question to a VE, who identified jobs the plaintiff could perform. *Id.* at 874.

The plaintiff's challenge hinged on a distinction between work-related skills and mental functions. *Id.* According to the plaintiff, the ALJ had a duty to expressly discuss work-related skills in the RFC and hypothetical and not simply identify a claimant's level of mental functioning. *Id.* at 874-75. The plaintiff alleged that the ALJ had failed in this regard, and had instead only identified a level of mental functioning when he limited the plaintiff to "simple, routine, repetitive, and unskilled tasks." *Id.* at 875. The Tenth Circuit agreed.

In doing so, the Court explained that the limitations to "simple, routine, repetitive, and unskilled tasks" addressed only the plaintiff's level of mental functioning, but failed to reflect the actual work-related abilities which had been deemed moderately impaired. The Court stated:

> The limitation to simple, routine, repetitive, and unskilled tasks the ALJ included in his hypothetical to the VE did not clearly relate the moderate impairments [the psychiatrist] found. Rather the ALJ was required to express those impairments in 'terms of work related functions'. . . As a result, the ALJ's reliance on the jobs the VE identified in the response to the hypothetical was not supported by substantial evidence.

*Id.* at 876 (citation omitted). As noted in the Report and Recommendation, *Jaramillo v. Colvin* was persuasive in the instant case. (ECF No. 19:14-16).

Here, Dr. Hartley had found that Ms. Buckley was markedly limited in her ability to understand, remember, and carry out detailed instructions. (TR. 477). The ALJ adopted Dr. Hartley's opinion, and assessed an RFC which stated that Plaintiff was "able to understand, remember, and follow simple instructions to perform routine tasks . . . ." But in the hypothetical question to the VE, the ALJ presented a *generalized* restriction which limited Plaintiff only to "simple tasks with routine supervision." (TR. 60). Like in *Jaramillo*, the "limitation to simple, routine, repetitive, and unskilled tasks the ALJ included in his hypothetical to the VE did not clearly relate the . . . impairments [the psychiatrist] found." *Jaramillo v. Colvin*, 576 F. App'x. at 876.

In opposition to the application of *Jaramillo*, Ms. Colvin argued: (1) in *Jaramillo*, (unlike the instant case) the finding of "unskilled work" failed to encompass an opinion from a physician that the claimant suffered from a moderate limitation in the ability to "carry out instructions" and (2) the court in *Jaramillo* "expressly **declined** to rule on

6

whether a state agency's Section I summary evidentiary findings (not at issue on this point) were inconsistent with the ALJ's mental RFC assessment." (ECF No 18:11) (emphasis in original, footnote omitted). Neither of these positions are substantially justified. First, identical to the circumstances in *Jaramillo*, the ALJ's hypothetical here failed to account for limitations in the ability to understand, remember, and carry out detailed instructions. *See* discussion, *supra*. Second, the Court is unclear of Ms. Colvin's argument regarding *Jaramillo's* discussion of "Section I" findings, because as she notes, those particular findings we "not at issue on this point." (ECF No. 18:11).

Ms. Colvin also argues that the evidence in the case "supports the ALJ's finding that Plaintiff could meet the minimal mental demands of unskilled work allowing avoidance of more than superficial interaction with co-workers and supervisors, and any interaction with the general public." (ECF No. 18:13). But the issue is not whether the evidence supported an RFC for unskilled work—clearly it did—as found by the ALJ. (TR. 20). Instead, the issue is whether the hypothetical question to the VE properly reflected all of the limitations borne by the record. As discussed, the hypothetical question failed in this regard and as a result, the VE's testimony cannot constitute substantial evidence to support the ALJ's decision.

As previously noted, the test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The ALJ's failure to follow well-established law in failing to include all of Ms. Buckley's limitations in the hypothetical to the VE prevents the decision from having a reasonable basis in law and fact, despite the fact that a genuine dispute may have

existed regarding whether substantial evidence supported the ALJ's treatment of Plaintiff's migraine headaches. Accordingly, Plaintiff is entitled to recover fees under the EAJA.

## III. AMOUNT OF RECOVERABLE FEE

The Commissioner did not meet her burden of proof to show that the government's position was substantially justified at the administrative level or on appeal. Further, the undersigned knows of no special circumstances which would make an award of attorney fees unjust. Thus, the only remaining issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of $7,325.00, calculated as follows: 34.75 hours of work performed by her attorney in 2015 at a rate of $188.00 per hour ($6,533.00), 2.5 hours of paralegal work performed in 2015 at the rate of $110.00 per hour ($517.00), and an additional $275.00 for 1.5 hours of work performed in preparing the EAJA reply brief.[3] (ECF Nos. 23, 24, 27). Plaintiff's attorney has provided a detailed breakdown of time expended in representing Ms. Buckley, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).

---

[3] In the reply brief, Plaintiff's counsel seeks an additional $275.00 for 1.5 hours of work. (ECF No. 27:3). For this amount, the hourly rate would be $183.33, less than the authorized rate of $188.00 per hour. The undersigned assumes that Plaintiff's counsel has committed a mathematical error, but the Court should not upwardly adjust the rate to account for the error. Instead, the Court should award the amount requested for preparation of the reply brief in the amount of $275.00.

Ms. Buckley has requested an upward adjustment of the statutory rate and has provided supporting documentation in the form of a letter dated March 24, 2015, from the Office of the General Counsel of the Social Security Administration. (ECF No. 24-1). This letter shows that for 2015, the authorized maximum hourly rate for attorney work in Oklahoma was $188.00. (ECF No. 24-1). Based upon the record before the Court and the lack of objection by the Commissioner regarding the reasonableness of the amount requested, the undersigned finds that the Plaintiff is entitled to her requested attorney fee award of $6,808.00 and paralegal costs of $517.00 for a grand total of $7,325.00.[4] Said fee is payable to the Plaintiff. See *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

## IV.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the Court should **GRANT** Plaintiff's Motion for Attorney's Fees **(ECF No. 23)** under the Equal Access to Justice Act in the amount of **$7,325.00**. The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **September 20, 2016**. The parties are further advised that failure to make timely objection to this Report and

---

[4] In addition to the statutorily authorized attorney's fee, Plaintiff is entitled to recover paralegal fees at prevailing market rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff has submitted the hourly paralegal rate as $110.00 and Ms. Colvin has not objected. Therefore, the Court should conclude that this hourly rate is reasonable and within the acceptable prevailing market rate.

Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the district judge in this matter.

ENTERED on September 6, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE