IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHERYL BUCKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-65-R |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin that Plaintiff Cheryl Buckley be awarded attorney fees in the amount of $7,325.00 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. No. 28). Defendant Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration, filed an Objection to Report and Recommendation (Doc. No. 29). When either party objects to any portion of a Magistrate Judge's Report and Recommendation, the district court makes a *de novo* determination of that portion of the Report. 28 U.S.C. § 636(b)(1)(C).

Having reviewed *de novo* the Magistrate's Report and Recommendation, the Court concurs with Judge Erwin and ADOPTS his Report and Recommendation in its entirety for the reasons discussed below.

1

The EAJA entitles a prevailing party to recover reasonable attorney fees from the government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Al-Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). Plaintiff is a prevailing party by way of the Judgment entered by the Court on Feb. 19, 2016 (Doc. No. 22) reversing the decision of the Defendant denying disability insurance benefits to Plaintiff. *See Shalala v. Schaefer*, 509 U.S. 292, 297−298 (1993) (judgment affirming or reversing Commissioner's grant or denial of request for Social Security disability benefits confers prevailing party status). Because Plaintiff is the prevailing party and the Court finds no special circumstances making an award unjust, she is entitled to attorney fees unless the United States was substantially justified in its decision to deny her benefits. "Substantial justification" is a question of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).

Here, the Court agrees with the Magistrate's Report and Recommendation that the Defendant was not substantially justified in its decision to deny Plaintiff her Social Security benefits. The ALJ's failure to follow well-established law prevents the decision from having a reasonable basis in law and fact. The well-established law ignored by the ALJ was the failure to "include all (and only) those impairments borne out by the evidentiary record" in his hypothetical question to the vocational expert (VE) inquiring about the jobs that Plaintiff was able to do. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995). As a result, the "[t]estimony

elicited by hypothetical questions [from the ALJ did] not relate with precision all of [Plaintiff's] impairments [and thus] cannot constitute substantial evidence to support the [Commissioner's] decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).

Here, the state agency physician, Dr. Harley, concluded that Plaintiff was "markedly" limited in her ability to understand, remember, and carry out detailed instructions. Thus, when the ALJ presented a hypothetical question to the VE if any jobs existed for a person who could not relate to the general public and for who was limited to simple tasks with routine supervision, "[t]he limitation . . . in his hypothetical to the VE did not clearly relate the moderate impairments [Dr. Hartley] found." *Jaramillo v. Colvin*, 576 Fed.App'x 870, 876 (10th Cir. Aug. 27, 2014). "[T]he ALJ was required to express those impairments [a markedly limited ability to understand, remember, and carry out detailed instructions, as found by Dr. Hartley] in terms of work-related functions or work-related mental activities." *Id*. (internal quotes omitted). This generalized restriction offered by the ALJ in his question to the VE does not suffice. *See, e.g., White v. Colvin*, 2016 WL 1175492, at *5 (N.D. Okla. Mar. 23, 2016) (acknowledging "the uncontroversial statement that an ALJ must consider evidence of mental impairments, including limitations in concentration and attention, when formulating a claimant's RFC or a hypothetical question for the VE . . . .")

For these reasons, the Court hereby ADOPTS the Report and Recommendation of the Magistrate Judge in its entirety and awards EAJA fees and costs as set forth in the Report and Recommendation.

IT IS SO ORDERED this 13th day of January, 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE